1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9    David W. Curtis, Jr.,                    No. CV-19-04374-PHX-DGC (JZB)

10                  Petitioner,              **ORDER**

11   v.

12   David Shinn, Director of the Arizona
     Department of Corrections; and Attorney
13   General of the State of Arizona,

14                  Respondents.

15

16

17          Petitioner David Curtis is serving time in Arizona state prison for sexually

18   exploiting and molesting children.   He commenced this federal action by filing a

19   petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 1; *see* Docs. 12, 40, 47.

20   Magistrate Judge John Boyle has issued a thorough and thoughtful report recommending

21   that the Court deny the petition and a certificate of appealability ("R&R").  Doc. 56.  Curtis

22   has filed an objection, to which Respondents have replied.  Docs. 62, 63.  The Court will

23   accept the R&R and deny the petition and a certificate of appealability.[1]

24   **I.     Background.**

25          In May 2009, Dwayne Benallie found a computer flash drive in the parking lot at

26   Tempe Marketplace.  Benallie discovered photos of nude children on the flash drive and

27

28          [1] The Court previously accepted the R&R in part (Doc. 56 at 53-56) and denied
     Curtis's motion to require the State to provide the Court with additional exhibits related to
     the state proceedings (Doc. 52).  *See* Doc. 64.

1   promptly turned it over to the Tempe Police Department.  A forensic exam of the flash
2   drive suggested that Curtis was its owner.

3        Curtis was arrested at Tempe Marketplace when he went there to retrieve the flash
4   drive during an undercover operation by Tempe police.  During searches of Curtis's
5   residence and vehicles, police seized additional flash drives, external hard drives, floppy
6   and compact discs, computers, a digital camera, and other electronic media containing child
7   pornography.  *See* Docs. 25 at 6-23, 56 at 2-5.

8        In February 2010, the State charged Curtis with fifteen counts of sexual exploitation
9   of a minor in violation of A.R.S. § 13-3553 (Counts 1-10, 12, 14, 16, 18, and 20) and five
10   counts of molestation of a child in violation of A.R.S. § 13-1410 (Counts 11, 13, 15, 17,
11   and 19).  The indictment identified Curtis's infant granddaughter, "Jessica," as the victim
12   of the molestation charges and the child depicted in the last five charged visual depictions
13   of child pornography.  The State dismissed the molestation charge in Count 13 because the
14   image supporting the charge may not have fit the legal definition for molestation.  *See*
15   Docs. 25 at 4, 56 at 2-8.

16        The remaining charges were tried to a jury in December 2010.  Jason and Caroline
17   Curtis, Jessica's parents and Curtis's son and daughter-in-law, testified that Jason and his
18   father were the only men who ever had unsupervised access to Jessica, and that Curtis had
19   babysat Jessica when certain charged photos were taken.  Curtis admitted that he had taken
20   photos of himself and Jessica in the nude, including the charged photo of Jessica exposing
21   her genitals.  Curtis further admitted that one of the charged photos depicted Jessica holding
22   Curtis's penis in her hands.  Curtis denied having any sexual intent in taking and possessing
23   such photos.  *See* Docs. 25 at 17-26, 56 at 8-9.

24        The jury convicted Curtis on each of the nineteen counts.  He was sentenced to
25   consecutive terms of ten years in prison for a total of 190 years.  The Arizona Court of
26   Appeals affirmed the convictions and sentences, and the Arizona Supreme Court denied
27   review.  Curtis's petitions for post-conviction relief ("PCR") under Arizona Rule of
28   Criminal Procedure 32 were denied.  *See* Docs. 25 at 27-28, 56 at 10-11.

1   **II.      Federal Habeas Standards.**

2           **A.      Exhaustion and Procedural Default.**

3           Federal habeas petitions are governed by the Antiterrorism and Effective Death

4   Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq.  The AEDPA prohibits a federal

5   court from granting habeas relief unless the petitioner has "exhausted the remedies

6   available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v.*

7   *Boerckel*, 526 U.S. 838, 842 (1999); *Kyzar v. Ryan*, 780 F.3d 940, 946 (9th Cir. 2015).

8   "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to

9   resolve federal constitutional claims before those claims are presented to the federal

10  courts[.]"  *O'Sullivan*, 526 U.S. at 845.  To "fairly present" a federal claim in state court,

11  the petitioner must provide the factual and legal basis for the claim.  *Scott v. Schriro*, 567

12  F.3d 573, 582 (9th Cir. 2009).  He must "make the federal basis of the claim explicit either

13  by specifying particular provisions of the federal Constitution or statutes, or by citing to

14  federal case law."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *see*

15  *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state

16  court to the fact that he is raising a federal constitutional claim, his federal claim is

17  unexhausted regardless of its similarity to the issues raised in state court.").

18          An unexhausted claim is procedurally defaulted where state procedural rules make

19  a return to state court futile.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)

20  (claims are barred from habeas review when not first raised before state courts and those

21  courts "would now find the claims procedurally barred").  A federal court may not consider

22  the merits of a procedurally defaulted claim unless the petitioner establishes cause for the

23  default and actual prejudice, or shows that a miscarriage of justice would result.  *See*

24  *Coleman*, 501 U.S. at 750-51; *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Under the cause

25  and prejudice test, the petitioner must show that some external cause prevented him from

26  following the procedural rules of the state court and fairly presenting his claim.  *See*

27  *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) ("A showing of cause must

28  ordinarily turn on whether the prisoner can show that some objective factor external to the

1    defense impeded [the prisoner's] efforts to comply with the State's procedural rule.  Thus,

2    cause is an external impediment such as government interference or reasonable

3    unavailability of a claim's factual basis.") (citations omitted).  A fundamental miscarriage

4    of justice exists when a constitutional violation has resulted in the conviction of one who

5    is "actually innocent."  *Schlup*, 513 U.S. at  327.  "Actual innocence," for purposes of

6    *Schlup*, "means factual innocence, not mere legal insufficiency."  *Bousley v. United States*,

7    523 U.S. 614, 623 (1998); *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that

8    "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case").

9    　　　　Where the petitioner attempts to exhaust a federal claim in state court and the claim

10   is deemed waived for "noncompliance with a state procedural rule, the federal claim is

11   procedurally defaulted[.]"  *Smith v. Or. Bd. of Parole & Post-Prison Supervision*, 736 F.3d

12   857, 862 (9th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)).  This

13   procedural default rule applies where "the state procedural rule . . . provide[s] an adequate

14   and independent state law basis on which the state court can deny relief."  *Hurles v. Ryan*,

15   752 F.3d 768, 780 (9th Cir. 2014) (quoting *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.

16   2003)).[2]

17   　　　**B.　　　Merits.**

18   　　　"In conducting habeas review, a federal court is limited to deciding whether a

19   conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v.*

20   *McGuire*, 502 U.S. 62, 68 (1991).  A state prisoner, therefore, may not obtain federal

21   habeas relief for errors of state law.  *See id.* at 67-68 ("[W]e reemphasize that it is not the

22   province of a federal habeas court to reexamine state-court determinations on state-law

23   questions."); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times

24   that federal habeas corpus relief does not lie for errors of state law.") (citations omitted);

25

26   　　　　[2] "Arizona's waiver rules are independent and adequate bases for denying relief."
     *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 859-60 (2002) (denials pursuant to Arizona
27   waiver rules are independent of federal law); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th
     Cir. 1998) (Arizona's waiver rules are consistently and regularly applied)); *see* Ariz. Rs.
28   Crim. P. 32.2(a) (precluding claims not raised on appeal or in prior PCR petitions);
     32.4(b)(3) (time limits for filing PCR petitions); 32.16(a)(1) (petitions for direct review
     must be filed within 30 days of the trial court's decision).

1    *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) ("A violation of state law standing

2    alone is not cognizable in federal court on habeas.") (citations omitted).

3          With respect to the merits of exhausted and cognizable federal claims, the AEDPA

4    requires federal courts to defer to the last reasoned state court decision.  *See Murray v.*

5    *Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).   Habeas relief is not warranted unless the

6    petitioner shows that the state court's decision was (1) contrary to, or an unreasonable

7    application of, clearly established federal law as determined by the United States Supreme

8    Court, or (2) based on an unreasonable determination of the facts in light of the evidence

9    presented in state court.  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-13

10   (2000).

11         This highly deferential standard "demands that state court decisions be given the

12   benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  Indeed, the AEDPA

13   "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state

14   criminal justice systems,' not a substitute for ordinary error correction through appeal."

15   *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307,

16   332 n.5 (1979)).  A federal court therefore must "avoid applying [the] AEDPA in a manner

17   that displays 'a lack of deference to the state court's determination and an improper

18   intervention in state criminal processes.'"  *John-Charles v. California*, 646 F.3d 1243, 1253

19   (9th Cir. 2011) (quoting *Harrington*, 562 U.S. at 104); *see also Christian v. Frank*, 595

20   F.3d 1076, 1081 (9th Cir. 2010) ("A federal court may second-guess a state court decision

21   only if it determines that 'the state court was not merely wrong, but actually

22   unreasonable.'") (quoting *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)).

23         In a recent decision, the Supreme Court reaffirmed the deferential habeas standard

24   and explained why the standard is "difficult to meet":

25         The term "unreasonable" [in § 2254(d)] refers not to "ordinary error" or even
           to circumstances where the petitioner offers "a strong case for relief," but
26         rather to "extreme malfunctions in the state criminal justice system."  In other
           words, a federal court may intrude on a State's "sovereign power to punish
27         offenders" only when a decision "was so lacking in justification beyond any
28         possibility for fairminded disagreement."

1    *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington*, 562 U.S. at 102-03;

2    alterations omitted).

3    **III.     Curtis's Habeas Petition and Judge Boyle's R&R.**

4           Curtis asserts fourteen grounds for relief in his habeas petition, with subclaims

5    alleged in some of the grounds.  Doc. 1 at 6-69.  As summarized in the Court's service

6    order:

7           In **Ground One**, Petitioner alleges that his statutes of conviction are
       unconstitutional.  In **Ground Two**, he alleges the indictment was duplicative
8       and failed to set forth the acts alleged to have violated the state statutes.  In
       **Ground Three**, he alleges violation of his Sixth Amendment rights.  In
9       **Ground Four**, he alleges that exclusion of his computer expert at trial
       violated his Sixth and Fourteenth Amendment right to represent himself and
10      to due process.  In **Ground Five**, Petitioner alleges violations of his First,
       Sixth, and Fourteenth Amendment rights.  In **Ground Six**, he appears to
11      allege the State failed to offer separate admissible evidence to support each
       of the molestation charges.  In **Ground Seven**, he alleges that the trial court
12      issued jury instructions that required Petitioner to prove that he was in
       possession of images in an active case of one of his clients in violation of the
13      First Amendment.  In **Ground Eight**, he alleges that he had to testify in order
       to present an affirmative defense under the state statute, since repealed, in
14      violation of his Eighth Amendment rights.  In **Ground Nine**, Petitioner
15      alleges prosecutorial misconduct.  In **Ground Ten**, Petitioner alleges "false
       reporting" by a Tempe detective on the search warrant.  In **Ground Eleven**,
16      Plaintiff appears to allege that bank records were illicitly obtained or
17      disclosed to police.  In **Ground Twelve**, Petitioner alleges insufficient
       evidence to sustain his convictions.  In **Ground Thirteen**, Petitioner seeks
18      relief concerning jury instructions given regarding his affirmative defense.
       In **Ground Fourteen**, he challenges the denial of his suppression motions.
19

20

21

22   Doc. 13 at 2-3 (emphasis added); *see also* Doc. 21 (Curtis's list of claims and issues).

23   Respondents filed an answer opposing the petition, to which Curtis replied.  Docs. 25,

24   26, 40.

25         Judge Boyle issued his R&R in June 2021.  Doc. 56.  The R&R describes the facts

26   and procedural history for the state proceedings (*id.* at 2-11), identifies each claim asserted

27   in the petition (*id.* at 12), sets forth the standards for federal habeas relief and relevant state

28   law (*id.* at 12-17), and analyzes each claim based on the material facts and applicable law

1   (*id.* at 17-53).  Judge Boyle finds that some of Curtis's claims are procedurally defaulted
2   under the AEDPA because (1) he failed to present them to the Arizona Court of Appeals,
3   (2) the state courts invoked an independent and adequate state procedural rule in denying
4   the claims – Curtis could have raised the claims on direct review but failed to do so, *see*
5   Ariz. R. Crim. P. 32(a), or (3) he failed to fairly present the federal bases for the claims to
6   the state courts.[3]  Judge Boyle further finds that Curtis has established no exception to the
7   procedural default because he has not shown cause and prejudice or a fundamental
8   miscarriage of justice.  With respect to Curtis's other claims (and a few defaulted claims),
9   Judge Boyle finds that they are not cognizable under federal habeas law or otherwise lack
10  merit.  *See id.* at 1-2, 17-53.

11  **IV.    R&R Standard of Review.**

12          This Court "may accept, reject, or modify, in whole or in part, the findings or
13  recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court "must
14  review the magistrate judge's findings and recommendations de novo if objection is made,
15  but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)
16  (en banc).  The Court is not required to conduct "any review at all . . . of any issue that is
17  not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28
18  U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

19  **V.     Curtis's Objection.**

20          Curtis filed his objection to the R&R on September 8, 2021.  Doc. 62.  Respondents
21  argue that Curtis's rehashing of arguments made in his habeas briefing is not a proper or
22  effective objection to Judge Boyle's findings and recommendations, and that the few
23  specific objections Curtis asserts lack merit.  Doc. 63.  The Court agrees.

24          Although Curtis is a former attorney, his objection is not easy to follow.  He spends
25  much of his objection discussing his health and personal history, recounting the procedural
26  history and evidence presented in the state proceedings, setting forth certain aspects of

27

28          [3] These include grounds one (a) and (b)(2), two, three, five (Sixth and Fourteenth
    Amendment claims), eight, nine (c)-(e) and (h), ten, eleven (prosecutorial misconduct),
    twelve, and thirteen.

1    federal habeas law and state procedural rules, and describing generally some of the alleged

2    injustices of his convictions.  Doc. 62 at 2-22; *see* Doc. 63 at 2 & n.1.  It is not easy to

3    determine which of Judge Boyle's specific conclusions Curtis objects to, or precisely why.

4    Having carefully considered the objection, the Court concludes that it should accept the

5    R&R and deny the habeas petition.

6          **A.      General Objections, Repetitive Arguments, and Matters Not Specific to**
            **the R&R.**
7

8          To the extent Curtis objects to the R&R generally, this is an improper objection.

9    Rule 72 requires that objections be "specific" to the findings and recommendations of the

10   magistrate judge.  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1).  An obvious purpose

11   of this requirement is judicial economy – to permit magistrate judges to resolve matters not

12   objectionable to the parties.  *See Thomas*, 474 U.S. at 149.  Because de novo review of the

13   entire R&R would defeat the efficiencies intended by Congress, a general objection "has

14   the same effect as would a failure to object."  *Warling v. Ryan*, No. CV 12-01396-PHX-

15   DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013).

16         In portions of his objection, Curtis repeats arguments previously made in his

17   petition.  *See* Docs. 1, 12, 40.  But "merely reasserting the grounds of the petition as an

18   objection provides this Court with no guidance as to what portions of the R&R [Curtis]

19   considers to be incorrect."  *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012

20   WL 393462, at *2 (D. Ariz. Feb. 7, 2012).  As noted, Rule 72 requires objections specific

21   to Judge Boyle's findings and recommendations.   This specificity requirement is

22   particularly important in this case given that Curtis asserts more than a dozen claims and

23   Judge Boyle's R&R spans more than 50 pages.  Because "the purpose of the magistrate is

24   to promote efficient use of judicial resources, there is no benefit if the [C]ourt is required

25   to review the entire matter de novo because [Curtis] merely repeats the arguments rejected

26   by [Judge Boyle]."  *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ, 2019 WL 1244989,

27   at *1 (D. Mont. Mar. 18, 2019); *see Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF),

28   2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or

rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under [Rule] 72.").

Curtis specifically addresses the R&R at page fifteen and in the last several pages of his objection, and the Court will address those issues below.  Before doing so, however, the Court will summarize the other portions of Curtis's objection that set forth matters not specific to the R&R:

- The objection describes a personal health matter and related symptoms (Doc. 62 at 2);

- discusses Curtis's motion to exceed page limits, which was granted (*id.* at 3);

- provides an "outline of Curtis's case," including his personal life and good character (*id.* at 4-5);

- sets forth a "short version of this case" – asserting that only foundational testimony by police officers was presented at trial, that the hearsay rule's purpose is to protect certain constitutional rights, that uncharged images were admitted at trial and resulted in prejudice, that the state disclosures were not complete, and that possession of child pornography was not proven (*id.* at 6-12);

- cites case law, including cases listed in an appendix (*id.* at 13);

- notes that the transcript of the first day of trial is not complete (*id.* at 14);

- alleges instances of prosecutorial misconduct, including suborned perjury (at 16);

- discusses the trial court's denial of Curtis's PCR petition and Arizona's "longstanding and consistently enforced procedural rule" (at 17-19); and

- alleges a "constructive denial (or obstruction) of right to self-counsel" and disclosure violations under *Brady* and Ariz. R. Crim. P. 15.1 (at 20-22).

Some of these matters are general complaints Curtis has about the state proceedings, but they are "devoid of any reference to specific findings or recommendations" of Judge

Boyle. *Kempker v. United States*, No. 1:19-CV-198, 2021 WL 4059458, at \*3 (N.D. W. Va. Sept. 7, 2021). The Court has no obligation under Rule 72 to consider Curtis's arguments that are repetitive or general and non-specific to the R&R, and declines to do so. *See Kempker*, 2021 WL 4059458, at \*3 ("general grievances and repeated conclusory allegations do not merit a de novo review . . . [or] preserve a claim for review by [the] Court"); *Williams v. United States*, No. CR-09-01492-PHX-ROS, 2020 WL 2303139, at \*3 (D. Ariz. May 8, 2020) (because petitioner's "general complaints about the criminal proceedings and [his] alleged innocence . . . cannot plausibly be viewed as specific objections, the Court need not provide any additional analysis"); *Panasewicz v. Hacker-Agnew*, No. CV-19-00401-PHX-ROS, 2020 WL 2615995, at \*1 (D. Ariz. May 22, 2020) ("general and non-specific objections . . . do not require the Court to independently review the R&R"); *Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at \*2 (D. Ariz. Nov. 12, 2020) ("Because Petitioner presents no specific objection to Judge Bibles' review of the sentencing claims and procedural bar analysis, the Court will adopt the R&R without further discussion.").

**B.     Curtis's Specific Objections.**

**1.     Respondents' Alleged Recasting of Curtis's Claims.**

In November 2019, Respondents moved for an extension of time to prepare and file an answer to Curtis's habeas petition and related briefing, stating that it would "require considerable time, as each pleading must be reviewed before undersigned counsel can itemize the claims that Petitioner raised, restate the arguments presented, and relate the pertinent court's ruling." Doc. 18 at 3 n.2. This statement concerned Curtis because he did not want the State recasting his claims. Doc. 62 at 15. Curtis remembered the Court's service order that had summarized his fourteen grounds for relief (*see* Doc. 13 at 2), and filed a motion to correct the record (Doc. 21). Judge Boyle made clear that "[t]he Court will consider the arguments presented in each of [Curtis's] grounds[.]" Doc. 24 at 1. Because there was no need to "correct the record[,]" Curtis's motion was denied as moot. *Id.*

1       Curtis asserts that Judge Boyle "resurrects" this issue on page twelve of the R&R

2 by quoting the service order's summary of Curtis's claims. Doc. 62 at 15. Curtis states

3 that Judge Boyle apparently was "misled by the State's recast[ed] issues, not by Curtis's

4 pleadings." *Id.* In support, Curtis references Respondents' characterization of ground nine

5 (prosecutorial misconduct). *Id.* But instead of explaining why he believes Respondents

6 mischaracterized ground nine, Curtis abruptly pivots to a discussion of ground two. *Id.* at

7 15-16.

8       Respondents note that their characterization of the numerous claims alleged in

9 grounds two and nine are based on, and pin-cited to, Curtis's petition. Doc. 63 at 4

10 (comparing Docs. 1 and 25). Moreover, Judge Boyle thoroughly addresses in his R&R

11 Curtis's challenges to the indictment in ground two and each of the "numerous instances

12 of prosecutorial misconduct" alleged in ground nine. Doc. 62 at 24-26, 44-49 (quoting

13 Doc. 1 at 50). Curtis has not shown that Judge Boyle was misled by Respondents' alleged

14 recasting of Curtis's claims.

15       **2.      Ground One (a) – Arizona's Molestation Statutes.**

16       Curtis claims in ground one (a) that Arizona's child molestation statutes, A.R.S.

17 § 13-1410(A) and former § 13-1407(E), are unconstitutional. Doc. 1 at 6-10 (citing *May*

18 *v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017)). He specifically argues that § 13-1410(A)

19 "criminalizes normal and necessary physical contact even without any evidence of an intent

20 to receive sexual or other deviant gratification from such contact, and then requires that the

21 defendant prove that the contact was innocent." *Id.* at 6.

22       Judge Boyle finds that this ground is unexhausted because Curtis did not present it

23 to the Arizona Court of Appeals. Doc. 56 at 18 (citing appellate and PCR briefing). Judge

24 Boyle further finds that ground one (a) is now procedurally defaulted because Rule 32.2(a)

25 precludes subsequent litigation of the claim in state court, and that the default is not excused

26 as Curtis provides no adequate reason as to why he was unable to timely raise the claim,

27 particularly given that he is a former attorney and served as his own trial counsel. *Id.*

28

1    Curtis does not specifically object to Judge Boyle's finding that ground one (a) is

2    procedurally defaulted without excuse.  He instead contends that ground one (a) is not

3    subject to procedural default because the claim challenges the constitutionality of the state

4    statutes under which he was convicted.  Doc. 60 at 26-27.  But Curtis cites no legal

5    authority suggesting that such habeas claims are not subject to the AEDPA's exhaustion

6    requirement and the Supreme Court's procedural default doctrine.  *See* Doc. 63 at 6.  The

7    Supreme Court has made clear that, because the purposes behind the procedural default

8    doctrine "do not depend on the type of claim the prisoner raised," a "state procedural

9    default of *any* federal claim will bar federal habeas unless the petitioner demonstrates cause

10   and actual prejudice" or "a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 748

11   (emphasis added); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("[A] federal court will

12   not review the merits of claims, *including constitutional claims*, that a state court declined

13   to hear because the prisoner failed to abide by a state procedural rule[.]") (emphasis added);

14   *Gray v. Ryan*, No. CV-17-00963-PHX-GMS, 2019 WL 5959674, at *3 (D. Ariz. Nov. 12,

15   2019) ("[Petitioner] argues that the procedural default doctrine should not apply when the

16   petitioner is challenging the constitutionality of the underlying state statute, as opposed to

17   a trial error or defect.  Nevertheless, the law is clear that Petitioner must establish an excuse

18   for procedural default in order for a federal habeas court to review the merits of a

19   procedurally defaulted claim.") (citing *Coleman*, 501 U.S. at 748); *Troy v. Sec'y of Dep't*

20   *of Corr.*, No. 8:11-CV-796-T30-AEP, 2013 WL 24212, at *46 (M.D. Fla. Jan. 2, 2013)

21   ("Because Troy fails to proffer specific facts showing an exception to procedural default,

22   his constitutional challenge to the state statute . . . [is] procedurally barred from federal

23   review.").

24   Curtis's reliance on *Class v. United States*, 138 S. Ct. 798 (2018), is misplaced.  *See*

25   Doc. 62 at 26.  *Class* held that a guilty plea, by itself, does not "bar[] a federal criminal

26   defendant from challenging the constitutionality of the statute of conviction on direct

27   appeal."  138 S. Ct. at 803.  *Class* is not a habeas case and therefore has no application to

28

1    federal habeas law, the AEDPA's exhaustion requirement, or the procedural default

2    doctrine.

3        Curtis asserts that *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017) – which found

4    that Arizona's child molestation statutes unconstitutionally shift the burden of proof to

5    defendants – "is still good law[.]"  Doc. 62 at 27.  But the district court's decision in *May*

6    has been reversed by the Ninth Circuit.  *See May v. Shinn*, 954 F.3d 1194 (9th Cir. 2020);

7    *May v. Ryan*, 807 Fed. App'x 632 (9th Cir. 2020).  This Court is bound by Ninth Circuit

8    decisions.

9        Respondents note, correctly, that much of Curtis's objection regarding ground

10   one (a) simply reasserts his earlier arguments that the child molestation statutes are

11   unconstitutional.  Doc. 63 at 5.  Curtis contends that the statutes "made it a crime to change

12   a diaper," that he had the burden of proving he "is not a sex offender," and that as a

13   "grandfather/babysitter [he] would not have been easy to convict with no evidence of

14   molestation except . . . police manufactured evidence."   Doc. 62 at 25.   But simply

15   repeating arguments made in the petition is not a proper objection under Rule 72.  *See*

16   *Eagleman*, 2019 WL 7019414, at *4.  Moreover, Judge Boyle finds, and the Court agrees,

17   that Curtis's claims regarding the constitutionality of the child molestation statutes are

18   procedurally defaulted without excuse.  *See* Doc. 56 at 18.

19   **VI.    Certificate of Appealability.**

20       Judge Boyle recommends that a certificate of appealability be denied.  Doc. 56 at 55.

21   Curtis contends the appealability issue needs further briefing, but does not explain why this

22   is so.  Doc. 62 at 3.  The Court concludes that Curtis has made no showing of the denial of

23   a constitutional right, and that no reasonable jurist would find that his claims warrant

24   federal habeas relief.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484

25   (2000).  The Court accordingly will deny a certificate of appealability.

26       **IT IS ORDERED:**

27       1.    Judge Boyle's R&R (Doc. 56) is **accepted**.

28       2.    Curtis's habeas petition (Doc. 1) and a certificate of appealability are **denied**.

- 13 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.      The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 6th day of October, 2021.

_David G. Campbell_

David G. Campbell
Senior United States District Judge