**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W. Curtis, Jr., | No. CV-19-04374-PHX-DGC (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner David Curtis is serving time in Arizona state prison for sexually exploiting and molesting children. He commenced this federal action by filing a habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He also filed a motion to compel the State to provide the Court with additional exhibits related to the state proceedings. Doc. 52.

Magistrate Judge John Boyle issued a report recommending that the Court deny the habeas petition and the motion to compel ("R&R"). Doc. 56. Curtis filed an objection. Doc. 62. In separate orders, the Court accepted the R&R and denied the motion to compel (Doc. 64) and the habeas petition (Doc. 65).

Curtis moves the Court to reconsider its order denying the motion to compel. Doc. 67. The motion is fully briefed. Docs. 69-71. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In May 2009, Dwayne Benallie found a computer flash drive in the parking lot at Tempe Marketplace. Benallie discovered photos of nude children on the flash drive and promptly turned it over to the Tempe Police Department. A forensic exam of the flash drive suggested that Curtis was its owner.

Curtis was arrested at Tempe Marketplace when he went there to retrieve the flash drive during an undercover operation by Tempe police. During searches of Curtis's residence and vehicles, police seized additional flash drives, external hard drives, compact discs, a digital camera, and other electronic media containing child pornography. *See* Docs. 25 at 6-23, 56 at 2-5.

In February 2010, the State charged Curtis with fifteen counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553 (Counts 1-10, 12, 14, 16, 18, and 20) and five counts of molestation of a child in violation of A.R.S. § 13-1410 (Counts 11, 13, 15, 17, and 19). The indictment identified Curtis's infant granddaughter, "Jessica," as the victim of the molestation charges and the child depicted in the last five charged visual depictions of child pornography. The State dismissed the molestation charge in Count 13 because the image supporting the charge may not have fit the legal definition for molestation. *See* Docs. 25 at 4, 56 at 2-8.

The remaining charges were tried to a jury in December 2010. Jason and Caroline Curtis, Jessica's parents and Curtis's son and daughter-in-law, testified that Jason and his father were the only men who ever had unsupervised access to Jessica, and that Curtis had babysat Jessica when certain charged photos were taken. Curtis admitted that he had taken photos of himself and Jessica in the nude, including the charged photo of Jessica exposing her genitals. Curtis further admitted that one of the charged photos depicted Jessica holding Curtis's penis in her hands. Curtis denied having any sexual intent in taking and possessing such photos. *See* Docs. 25 at 17-26, 56 at 8-9.

The jury convicted Curtis on each of the nineteen counts. He was sentenced to consecutive terms of ten years in prison for a total of 190 years. The Arizona Court of

Appeals affirmed the convictions and sentences, and the Arizona Supreme Court denied review. Curtis's petitions for post-conviction relief under Arizona Rule of Criminal Procedure 32 were denied. *See* Docs. 25 at 27-28, 56 at 10-11.

**II.     Curtis's Habeas Petition and Motion to Compel.**

Curtis brought this federal habeas action in June 2019. Doc. 1. He asserts fourteen grounds for relief, with subclaims alleged in some of the grounds. *Id.* at 6-69. As summarized in the Court's service order:

> In **Ground One**, Petitioner alleges that his statutes of conviction are unconstitutional. In **Ground Two**, he alleges the indictment was duplicative and failed to set forth the acts alleged to have violated the state statutes. In **Ground Three**, he alleges violation of his Sixth Amendment rights. In **Ground Four**, he alleges that exclusion of his computer expert at trial violated his Sixth and Fourteenth Amendment right to represent himself and to due process. In **Ground Five**, Petitioner alleges violations of his First, Sixth, and Fourteenth Amendment rights. In **Ground Six**, he appears to allege the State failed to offer separate admissible evidence to support each of the molestation charges. In **Ground Seven**, he alleges that the trial court issued jury instructions that required Petitioner to prove that he was in possession of images in an active case of one of his clients in violation of the First Amendment. In **Ground Eight**, he alleges that he had to testify in order to present an affirmative defense under the state statute, since repealed, in violation of his Eighth Amendment rights. In **Ground Nine**, Petitioner alleges prosecutorial misconduct. In **Ground Ten**, Petitioner alleges "false reporting" by a Tempe detective on the search warrant. In **Ground Eleven**, Plaintiff appears to allege that bank records were illicitly obtained or disclosed to police. In **Ground Twelve**, Petitioner alleges insufficient evidence to sustain his convictions. In **Ground Thirteen**, Petitioner seeks relief concerning jury instructions given regarding his affirmative defense. In **Ground Fourteen**, he challenges the denial of his suppression motions.

Doc. 13 at 2-3 (emphasis added); *see also* Doc. 21 (Curtis's list of claims and issues).

In his motion to compel, Curtis requests disclosure of the actual pornographic photographs and all state court documents related to the search of his home, law office, and vehicles. Doc 52 at 1-2, 5. Curtis contends that his claims of fraud and perjury in Ground Two "cannot be competently weighed without viewing the actual named images." *Id.* at 2. He further contends the actual images will assist him with his claims regarding duplicity

(Ground Six), prosecutorial misconduct (Ground Nine), false reporting (Ground Ten), and insufficiency of the evidence (Ground Twelve). *Id.* at 4-5. Curtis also argues that the disclosure is necessary for the Court to evaluate his argument that "the search of the [portable hard drive] and Fujitsu CD were done without the authority of the warrant." *Id.* at 8.

**III.   Judge Boyle's R&R and Curtis's Objection.**

In his R&R, Judge Boyle found that some of Curtis's claims are procedurally defaulted under 28 U.S.C. § 2254 because (1) he failed to present them to the Arizona Court of Appeals, (2) the state courts invoked an independent and adequate state procedural rule in denying the claims – Curtis could have raised the claims on direct review but failed to do so, *see* Ariz. R. Crim. P. 32(a), or (3) he failed to fairly present the federal bases for the claims to the state courts.[1] Judge Boyle further found that Curtis has established no exception to the procedural default because he has not shown cause and prejudice or a miscarriage of justice. With respect to Curtis's other claims (and a few defaulted claims), Judge Boyle found that they are not cognizable under federal habeas law or otherwise lack merit. *See* Doc. 56. at 1-2, 17-53.

Judge Boyle recommended that Curtis's motion to compel be denied for the following reasons (*id.* at 54-55):

> Regarding Ground Two, Petitioner's challenges to the grand jury proceedings are not cognizable. Regarding Count Six, Petitioner's duplicity allegation would not be aided by a review of the photographs. The question regarding duplicity is whether Petitioner had clear notice of the charges connecting the photographs in Counts 12, 16, 18, and 20 to the molestation charges in Counts 11, 15, 17, and 19. The Court finds that Petitioner had clear notice for each charge. Also, Petitioner argues that the "trial court convictions were based upon evidence of criminal acts other than those for which he was charged in the Indictment." (Doc. 52 at 2.) As explained in Ground Six, the Court finds that the Arizona Court of Appeals decision

---

[1] These include grounds one (a) and (b)(2), two, three, five (Sixth and Fourteenth Amendment claims), eight, nine (c)-(e) and (h), ten, eleven (prosecutorial misconduct), twelve, and thirteen.

- 4 -

denying this claim was not an unreasonable application of clearly established federal law, or an unreasonable interpretation of the facts before it.

Regarding Grounds Nine (prosecutorial misconduct) and Ten (search warrant fraud), the Court finds that the additional documents requested by Petitioner would not aid the Court's ruling. Finally, Regarding Count Twelve, Petitioner's sufficiency of the evidence claim is unexhausted and procedurally defaulted without excuse so additional exhibits are [not] necessary for a resolution of this claim.

Curtis filed an objection to the R&R, but did not specifically object to Judge Boyle's findings and recommendation on the motion to compel. *See* Doc. 62. The Court accordingly accepted the R&R in this regard and denied the motion to compel. Doc. 64 at 1-2 (citations omitted). Curtis moves the Court to reconsider that ruling. Doc. 67.[2]

**IV.    Curtis's Motion for Reconsideration.**

   **A.    Reconsideration Standard.**

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). A motion for reconsideration will be denied absent a showing of manifest error or of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Mere disagreement with an order is an insufficient basis for reconsideration. *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

   **B.    Discussion.**

Rule 72 requires that objections be "specific" to the findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2). Because an obvious purpose of this

---

[2] In a separate order, the Court accepted the remainder of the R&R and denied Curtis's habeas petition. *See* Doc. 65 at 6-14. Curtis has not sought reconsideration of that order. *See* Docs. 67 at 1-2 (seeking reconsideration on the "partial ruling" on the R&R and motion to compel), 70 at 4 (noting that he filed the motion for reconsideration before he had received a copy of the order denying the habeas petition).

requirement is judicial economy – to permit magistrate judges to resolve matters not objectionable to the parties – the Court was required to review de novo only "those portions of [Judge Boyle's R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (explaining that § 636(b)(1) "does not . . . require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (§ 636(b)(1) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise") (emphasis in original); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Judge Boyle advised Curtis that he had 14 days to file specific objections to the R&R and that the failure to timely file such objections "may result in the acceptance of the [R&R] by the District Court without further review." Doc. 56 at 55-56 (citing § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia*, 328 F.3d at 1121). Because Curtis did not object to Judge Boyle's recommendation that the motion to compel be denied (*see* Doc. 62), the Court accepted the R&R in this regard and denied the motion (Doc. 64).

Curtis asserts in his motion for reconsideration that his objection to the R&R "include[d] the argument for granting the motion to compel." Doc. 67 at 5 (citing Doc. 62 at 17, lines 2-12). But the cited portion of the objection does not even mention the motion to compel or Judge Boyle's recommendation that the motion be denied. Instead, it contains Curtis's argument that the trial judge violated state procedural rules:

> Judge McMurdie was faced with Curtis's Motion in Limine that requested the Judge to Order that evidence that must be disclosed pursuant to Ariz. R. Crim. P. 15.1(b) that had not been disclosed, to be inadmissible at trial. Curtis had been trying to see the sole evidence against him for the 5 molestations counts, since the case began. How can any attorney defend against molestation charges where he is denied any viewing of the five photos that allegedly are the evidence of the five acts of molestations? How can any attorney cross-examine the images themselves about what is going on in each image? There was no live witness. The child was not a witness and remained in Glendale. One has to see the images in context . . . .

Doc. 62 at 17, lines 2-12.

Curtis has not shown that the Court erred in finding that he failed to object to Judge Boyle's recommendation that the motion to compel be denied. *See* Docs. 56 at 54-55, 64 at 1-2. The motion for reconsideration will be denied in this regard.

Curtis argues that the procedures set forth in Rule 72 have been violated because Judge Boyle issued a consolidated R&R and the Court accepted the R&R in separate orders:

> Curtis's fully briefed motion to compel was not a dispositive motion, and thus its procedures were those set forth in Rule 72(a). Curtis's Habeas Petition, and State's Response, and Curtis's Reply, however, were ripe for a dispositive ruling, and thus were governed by 72(b)'s procedures. Where a U.S. District Court judge deviates from these procedures, assuming the Court is exercising its sound discretion in doing so, this situation is governed by Rule 83 . . . .
>
> The reason that this change of proceedings for the motion to compel should not be lumped with the habeas Petition is that the less formal procedures had already been followed, but the Court's ruling deprived Curtis of the granting of his motion which was denied without reference to Curtis's argument of record.

Doc. 67 at 4-5.

This argument fails for a number of reasons. Curtis's concern that the motion to compel and the habeas petition were "lumped" into one R&R is of no importance. Nothing in § 636, Rule 72, or this District's local rules requires that non-dispositive and dispositive matters be addressed in separate documents. Because the Court "has the authority and obligation to apply the appropriate standard of review to whatever decision is issued by the Magistrate Judge," it would be "counterproductive [to require] the Magistrate Judge, in every instance, to put form over substance and issue a document captioned in a particular manner[.]" *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see In the Matter of United States v. 5.62 Acres of Land*, No. 4:13-CV-00198-TUC-DCB, 2016 WL 1714310, at *2 (D. Ariz. Apr. 29, 2016) (finding it immaterial that "[t]he Magistrate Judge treated the motions in limine as dispositive and issued [an] R&R, instead of an Order");

*Cassidy v. Union Sec. Ins. Co.*, No. CV 16-4087 (JRT/FLN), 2017 WL 6061620, at *1 (D. Minn. Dec. 6, 2017) (finding no harmful error where, "without deciding whether the underlying motion is dispositive, the Magistrate Judge issued an R&R stating that the district court would conduct a de novo review of any objections"); *see also United States v. Raddatz*, 447 U.S. 667, 676 n.3 (1980) (eschewing a construction of the Federal Magistrates Act that would tend to "frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts"). Similarly, Curtis cites no legal authority suggesting that the Court must resolve pending matters in one consolidated order.[3]

What is more, Curtis was required to file timely objections regarding the motion to compel whether Judge Boyle had issued an order denying the motion under Rule 72(a) or a recommendation that the motion be denied pursuant to Rule 72(b). *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections[.]"). Thus, "regardless of whether the motion [to compel] should have been considered a dispositive or non-dispositive matter, under either Rule 72(a) or (b)(2), [Curtis's] time to file objections expired long ago." *LCS Grp., LLC v. Shire LLC*, No. 18 Civ. 2688 (AT) (SDA), 2020 WL 3412927, at *3 (S.D.N.Y. June 22, 2020); *see Terrell v. Davis*, No. 5:17-CV-441(MTT), 2019 WL 3285951, at *2 (M.D. Ga. July 22, 2019) ("Rule 72 . . . allows parties to object to a Magistrate Judge's orders on non-dispositive motions (Rule 72(a)) or recommendations on dispositive motions (Rule 72(b)(2)) within 14 days . . . . Whether the

---

[3] Curtis's reliance on Federal Rule of Civil Procedure 83 is misplaced. *See* Doc. 67 at 3-4. Rule 83 allows district courts to promulgate local rules that are not inconsistent with the federal rules, and permits judges to regulate practice in any manner consistent with federal law, rules, and the district's local rules. Fed. R. Civ. P. 83(a)-(b); *see Peterson v. Time Ins. Co.*, No. CV 11-81-M-DWM-JCL, 2012 WL 1755166, at *2 (D. Mont. May 16, 2012) (explaining that Rule 83 "authorizes district courts to adopt local rules to govern their practice" and the local rules "have the 'force of law' and are binding upon the parties and upon the court") (citation omitted). The Court properly reviewed the R&R and Curtis's objections pursuant to § 636 and Rule 72, and Curtis identifies no violation of a local rule in his motion for reconsideration. *See* Doc. 69 at 9-10 (noting that Rule 83 has no application to Curtis's case).

Plaintiff is objecting to the Magistrate Judge's Order regarding the motion to compel or to the Recommendation to grant summary judgment, the objection is more than a month late."); *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) ("We note that a party's failure to object to a magistrate judge's recommendations within [14] days in either a nondispositive, Fed.R.Civ.P. 72(a), or a dispositive matter, Fed.R.Civ.P. 72(b), waives further review."); Doc. 69 at 7-8 (noting that Curtis's motion for reconsideration should be denied because it essentially is an untimely-filed objection).

Curtis spends much of his motion for reconsideration rearguing the merits of his case. *See* Doc. 67 at 6 (claiming that he was not the man in some of the pornographic images and other images do not reflect "true and accurate depictions of real events"); at 7 (the state statute required him to testify and prove that "he did not touch the child because of a sexual motive"); at 8 (one image "only shows a nude J.C. on her back, and no one else"); at 9 (a detective "committed several instances of perjury" and this "false testimony allowed the jury . . . to believe that at least some of the first ten images were [his] photos"). But a motion for reconsideration may not repeat previously made arguments. LRCiv 7.2(g)(1); *see Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought through"). Nor has Curtis shown that any new facts or arguments could not have been raised previously with reasonable diligence. *See* LRCiv 7.2(g)(1). Curtis's arguments regarding the merits of his case do not warrant reconsideration of the Court's prior orders. *See* Doc. 69 at 10-11.

**IT IS ORDERED:**

1. Curtis's motion for reconsideration of the order denying his motion to compel (Doc. 67) is **denied**.

2. Curtis's motion to permit the refiling of his reply to include omitted pages (Doc. 71) is **granted**.

Dated this 7th day of January, 2022.

David G. Campbell
Senior United States District Judge

- 9 -