**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W. Curtis, Jr., | No. CV-19-04374-PHX-DGC (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner David W. Curtis has filed a motion to enlarge the time for filing a notice of appeal. Doc. 73. Because this is a civil case, his motion is governed by Federal Rule of Appellate Procedure 4(a)(5).

Petitioner filed the motion within 30 days of the Court's ruling on his motion for reconsideration of the order denying his motion to compel. *See* Docs. 52, 64, 72, 73.[1] An extension of the appeal time for issues raised in the motion to compel is governed by Federal Rule of Appellate Procedure 4(a)(5)(A)(i) and may be considered ex parte (Rule

---

[1] Petitioner asserts that his motion for reconsideration is best described as a motion to amend or make additional findings under Rule 52(b) of the Federal Rules of Civil Procedure. Doc. 73 at 1-2. Regardless of whether the motion is construed as a motion under Rule 52(b), Rule 59(e), or Rule 60(b), Petitioner's time for appeal of the issues raised in his motion to compel runs from the Court's January 7, 2022 ruling on the motion for reconsideration (Doc. 72). *See* Fed. R. App. P. 4(a)(4)(A)(ii), (iv), (vi); *see also Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 F. App'x 496, 498 n.2 (9th Cir. 2020) ("That VMI labeled its motion for reconsideration as brought under Rule 60 and the local rule is inconsequential because 'nomenclature is not controlling.'") (citation omitted). Absent an extension of time, Plaintiff would have until February 7, 2022 to file an appeal in this regard. *See* Fed. R. App. P. 4(a)(1)(a), (4)(A); Fed. R. Civ. P. 6(a)(1)(C).

4(a)(5)(B)).  The Court will grant the motion in part.  Petitioner's time to appeal issues addressed in his motion to compel is extended to **March 9, 2022** (30 days from February 7). *See* Fed. R. App. P. 4(a)(5)(C); *Momoh v. Valenzuela*, No. LA CV 09-06770-VBF-CW, 2015 WL 13037530, at *2 (C.D. Cal. Apr. 13, 2015) (noting that Rule 4(a)(5)(C) "authorizes an extension of up to thirty days beyond the original time for filing, or up to fourteen days from entry of the extension order, whichever is later"); *Strauss v. Cty. of Los Angeles*, No. 21-56123, 2021 WL 6427934, at *1 (9th Cir. Dec. 8, 2021) (same).

The motion for reconsideration (Doc. 72) did not address the Court's ruling on Petitioner's habeas petition, which was entered on October 6, 2021 (Doc. 65).  Because his motion to enlarge the time for appeal was filed more than 30 days after the ruling on his habeas petition, it is governed by Rule 4(a)(5)(A)(ii), cannot be considered ex parte (Rule 4(a)(5)(B)), can be granted only upon a showing of excusable neglect or good cause (Rule 4(a)(5)(A)(ii)), and can extend the time for appeal only 14 days beyond the date of any order granting the extension (Rule 4(a)(5)(C)).  Respondents shall have until **February 9, 2022**, to file a response to the motion, if any, and Petitioner shall have until **February 18, 2022**, to file a reply.  The Court will then rule on Petitioner's request for an extension of the time to appeal the denial of his habeas petition.

This order does not change the fact that the Court has denied Petitioner a certificate of appealability with respect to issues raised in his habeas petition.  Doc. 65 at 13.  The Court understands from Petitioner's motion that he is seeking such a certificate from the Court of Appeals.  Doc. 73 at 1.

Dated this 2nd day of February, 2022.

David G. Campbell
Senior United States District Judge