**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W. Curtis, Jr., | No. CV-19-04374-PHX-DGC (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Attorney General of the State of Arizona, | |
| Respondents. | |

On January 21, 2022, Petitioner David Curtis filed a motion to enlarge the time for filing a notice of appeal. Doc. 73. Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i), the Court granted the motion in part with respect an appeal from the Court's order denying Curtis's motion for reconsideration of the order denying his motion to compel. Doc. 74 at 1-2; *see* Docs 52, 64, 72, 73.

The motion for reconsideration (Doc. 72) did not address the Court's ruling on Curtis's habeas petition, which was entered on October 6, 2021 (Doc. 65). Because the motion to enlarge the time for appeal was filed more than 30 days after the ruling on the habeas petition, it is governed by Rule 4(a)(5)(A)(ii). Under that rule, the motion to enlarge the time for appeal cannot be considered ex parte (Rule 4(a)(5)(B)), can be granted only upon a showing of excusable neglect or good cause (Rule 4(a)(5)(A)(ii)), and can extend the time for appeal only 14 days beyond the date of any order granting the extension (Rule

4(a)(5)(C)). At the Court's direction, Respondents filed a response to the motion. Doc. 78. Curtis has filed a reply. Doc. 80.

Curtis explains that on October 29, 2021, he submitted a timely notice of appeal from the order denying his habeas petition. Doc. 80 at 1-2, 6-7. Curtis has attached a copy of the notice of appeal, which he provided to prison staff for filing with the Court. *Id.* at 10-14. The notice includes the signature of the designated staff member (Wilson) and is dated October 29, 2021. *Id.* at 10. Curtis asserts that the notice was not accepted by the Clerk's Office. *Id.* at 1. A prison registry of Curtis's "E-File submissions" shows that the notice of appeal was submitted on October 29, 2021 and the "Court would not accept [it]." *Id.* at 15.

In evaluating whether neglect is excusable under Rule 4(a)(5)(A)(ii), a district court should consider four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* at 395; *see Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (same). "The weighing of *Pioneer*'s equitable factors is left to the discretion of the district court 'in every case.'" *Williams v. Lujan,* No. 16-CV-04290-HSG, 2018 WL 3861655, at *6 (N.D. Cal. Aug. 14, 2018) (quoting *Pincay*, 389 F.3d at 860).

Respondents do not contend that they would be prejudiced by an extension of time to appeal the denial of Curtis's habeas petition. *See* Doc. 78. Although the delay in filing a notice of appeal spans nearly six months, it would not have a significant adverse impact on judicial proceedings in this matter. The reason for the delay – the apparent failure of the Clerk's Office to accept the notice of appeal submitted by prison staff – was not within the reasonable control of Curtis, and there is no reason to believe that he has acted in bad faith in attempting to file a notice of appeal.

After weighing the *Pioneer* factors and applying them to the particular circumstances of this case, the Court finds "excusable neglect" pursuant to Rule 4(a)(5)(A)(ii). In the exercise of its equitable authority, the Court will grant Curtis's request for an extension of time to appeal the denial of his habeas petition. *See Pincay*, 389 F.3d at 860 ("We are persuaded that, under *Pioneer*, the correct approach is to avoid any per se rule. *Pioneer* cautioned against 'erecting a rigid barrier against late filings attributable in any degree to the movant's negligence.' There should similarly be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case.") (quoting *Pioneer*, 507 U.S. at 395 n.14). Curtis's time to appeal issues addressed in his habeas petition is extended to **April 5, 2022.**

Curtis also moves to proceed in forma pauperis ("IFP") on appeal due to his indigent status. Doc. 75. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A "good faith" appeal must seek review of at least one non-frivolous issue or claim. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). The term "frivolous," as used in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court does not find that every issue addressed in Curtis's habeas petition is frivolous. *See* Docs. 1, 12, 40, 47; *see also* Docs. 56, 65. The Court will grant Curtis's motion to proceed IFP on appeal. Doc. 75.

This order does not change the fact that the Court has denied Curtis a certificate of appealability with respect to issues addressed in his habeas petition. Doc. 65 at 13. *See Zambrano v. Gipson*, No. LA CV 15-01794-VBF, 2016 WL 4060649, at *2-3 (C.D. Cal. July 6, 2016) ("The standard for granting an application for [IFP] is a lower standard than the standard for certificates of appealability. . . . For this reason, federal courts have

sometimes denied a certificate of appealability but still granted leave to proceed [IFP] on appeal.") (citations omitted).[1]

**IT IS ORDERED:**

1. Curtis's motion to enlarge the time for filing a notice of appeal (Doc. 73) is **granted**. Curtis's time to appeal issues addressed in his habeas petition is extended to **April 5, 2022.**

2. Curtis's motion to proceed IFP on appeal (Doc. 75) is **granted**.

3. The Clerk shall provide a copy of this order to the Court of Appeals.

Dated this 22nd day of March, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] The Court understands from Curtis's motion that he is seeking a certificate of appealability from the Court of Appeals. Doc. 73 at 1.